UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KEVIN GRANNUM,                )<br>                                              )<br>     Plaintiff,                         )<br>                                              )<br>     v.                                   )<br>                                              )<br>COMMONWEALTH OF       )<br>MASSACHUSETTS, et al.,      )<br>                                              )<br>     Defendants.                    )<br>                                              ) | Civil Action No.<br>13-12042-FDS |

## MEMORANDUM AND ORDER

**SAYLOR, J.**

**I.    Background**

Plaintiff Kevin Grannum filed this action while incarcerated at the South Bay Correctional Center. At that time, he filed a complaint, a motion for appointment of counsel, and a motion for leave to proceed *in forma pauperis*. On October 16, 2013, he filed a notice of change of address stating that he now resides in Dorchester, Massachusetts.

The complaint consists primarily of a recounting of events surrounding plaintiff's arrest for alleged violation of a Chapter 209A protective order and the imposition of a 17-month sentence and probation violation. The complaint is brought pursuant to 42 U.S.C. § 1983 and Massachusetts General Laws, Chapter 258, §§ 1-4. It alleges that Grannum's Fourth Amendment rights were violated by the warrantless entry into his home. It also alleges negligence, negligence in performance of duties of established rules, negligent record keeping, and failure to supervise and train.

The complaint appears to allege that Grannum did not receive notice that the Chapter

209A protective order was extended until June 12, 2012. The complaint alleges that Grannum went to state court on February 2, 2012, and was granted until March 8, 2012, to report to the court. However, he was arrested on February 6. He contends that because of the arrest, he was unable to perform his probation obligations and subsequently lost his apartment, social security deposits, medical benefits, and contact with his children during his incarceration.

The complaint identifies a dozen defendants in the case caption, as follows: (1) Commonwealth of Massachusetts; (2) the City of Boston; (3) the City of Fall River; (4) Attorney General Martha Coakley; (5) "Executive Officer for the Plaintiffs"; (6) the First Justice for the Probate Court; (7) Associate Justice Prudence McGregor; (8) the Clerk for the Probate Court for Bristol County; (9) the Assistant Judicial Case Managers, Bristol County Probate; (10) the Domestic Violence Advocate for Bristol County; (11) the Commander of the Boston Police Department; and (12) the Duty Supervisor, Boston Police Department.

The complaint alleges that the "defendants" "were negligent in both supervision due diligent work performance and training of employees under their supervision." *Id.* at ¶ 17. It alleges that the First Justice was "negligent in his duties to make sure that Associate Justices are adhering to established rules under his supervision [so that updated Board of Probation records, such as plaintiff's current address, be made available in proceedings before Associate Justices]." *Id.* at ¶ 18. It alleges that Jude McGregory, in her role as supervisor of the clerk of courts, case managers, and domestic violence advocates, allowed "a deviation and omission of statutory rules and procedures [as required by ch. 209A, § 7]." *Id.* at ¶ 19. It alleges that it is "the duty of the Clerk of Courts and the Judicial Case Managers to insure that the justice receives up to date information to carry out his or her judicial role" and that "the Clerk of Court was neglectful in the performance of duties." *Id.* at ¶ 20. It alleges that Judicial Case Manager Miriam Babbin and the

Domestic Violence Advocate were negligent in their duties." *Id.* at ¶ 21. It alleges that an "order was issued without due process and an opportunity to be herd (sic) by way of habeas corpus of the court the plaintiff was dined [sic] access to the courts by omission of duty and care to follow procedures." *Id.* at ¶ 23. As to the police defendants, it alleges that they failed to follow the requirements of ch. 209A, § 7." *Id.* at ¶ 25. With the complaint, plaintiff submitted more than 100 pages of exhibits. *Id.*, Exhibits.

## II.    Discussion

### A.    The Motion to Proceed *In Forma Pauperis*

A litigant filing a complaint in this Court must either (1) pay the $350 filing fee and the $50 administrative fee, *see* 28 U.S.C. § 1914(a) ($350 filing fee for all non-habeas civil actions), or file a motion for leave to proceed without prepayment of the filing fee, *see* 28 U.S.C. § 1915 (proceedings *in forma pauperis*).[1]

Based on the financial information contained in Grannum's motion for leave to proceed *in forma pauperis* application to proceed in forma pauperis, the Court will grant the motion.

### B.    Screening of the Complaint

The complaint is subject to screening under 28 U.S.C. § 1915(e)(2). This statute authorizes federal courts to dismiss an action in which the plaintiff seeks to proceed without prepayment of fees if the action is malicious, frivolous, fails to state a claim for relief, or seeks monetary damages against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2); *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001).

In conducting a preliminary screening, this Court must liberally construe the complaint,

---

[1] The $50 administrative fee became effective May 1, 2013. *See* Judicial Conference Fee Schedule.

because plaintiff is proceeding *pro se*. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Instituto de Educacion Universal Corp. v. U.S. Dept. of Education*, 209 F.3d 18, 23 (1st Cir. 2000). Nevertheless, even under a liberal construction, the claims under are subject to dismissal for the reasons set forth below.

  **C.**  **The Complaint Fails to State a Claim upon Which Relief Can Be Granted**

    **1.**  **Failure to Comply With Fed. R. Civ. P. 8**

  As filed, the claims are subject to dismissal because they do not comport substantially with the pleading requirements of Rules 8(a) of the Federal Rules of Civil Procedure. Rule 8(a) requires a plaintiff to include in the complaint, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a) (2). This statement must "give the defendant fair notice of what the [plaintiff's] claim is and the grounds upon which it rests," *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1959 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The statement must afford the defendant a "meaningful opportunity to mount a defense." *Díaz-Rivera v. Rivera-Rodríguez*, 377 F.3d 119, 123 (1st Cir. 2004) (quoting *Rodríguez v. Doral Mortgage Corp.*, 57 F.3d 1168, 1172 (1st Cir. 1995)). *See also Redondo-Borges v. U.S. Dept. of Hous. and Urban Dev.*, 421 F.3d 1, 5 (1st Cir. 2005). "[I]n a civil rights action . . . , the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why." *Educadores Puertorriqueños en Acción v. Hernandez,* 367 F.3d 61, 68 (1st Cir. 2004). Although "the requirements of Rule 8(a)(2) are minimal . . . minimal requirements are not tantamount to nonexistent requirements." *Id.* (quoting *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir. 1988)).

  Here, the complaint does not meet the Rule 8(a) pleading requirements. The claims are

asserted collectively against the defendants and it is virtually impossible to sort out the causes of action asserted against each of the defendants separately. Furthermore, the complaint asserts that the defendants violated plaintiff's rights under various laws, but apart from these assertions it does not clearly link specific factual allegations of wrongdoing against each defendant.

In short, the claims are not set forth in a fashion that would permit the defendants to file a meaningful response. It would be unduly burdensome for the defendants to attempt to identify the precise cause of action asserted against them, and the grounds upon which each claim is based. The complaint therefore fails to meet the pleading requirements of Rule 8. *See Bagheri v. Galligan*, 160 Fed. Appx. 4, 5, 2005 WL 3536555, *1 (1st Cir. 2005) (finding complaint deficient because, among other things, it failed to state clearly which defendant or defendants committed each of the alleged wrongful acts; "[the district court's requirement of an amended complaint] to remedy this deficiency . . . did not demand more than the minimum necessary to satisfy notice pleading standards."). *See also Atuahene v. City of Hartford*, 10 Fed. Appx. 33, *34, 2001 WL 604902, *1 (2nd Cir. 2001) ( "[b]y lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, [plaintiff's] complaint failed to satisfy this minimum standard . . . ."). Under the Federal Rules of Civil Procedure, the burden is on the plaintiff to submit a complaint that sets forth, in an organized fashion, each claim he or she seeks to assert. Accordingly, because the complaint does not set forth the "who, what, when, where, or why" type of information necessary to state any cognizable claims in a coherent manner, her complaint is subject to dismissal in its entirety.

### 2. Failure to Observe State Law Is Not Sufficient to Establish a § 1983 Violation

In a civil rights action under § 1983, the plaintiff must prove that he was deprived of a right secured by the Constitution or a federal statute by a person acting under the color of state law. *See Baker v. McCollan*, 443 U.S. 137, 146 (1979); *Maine v. Thiboutot*, 448 U.S. 1 (1980) (permitting § 1983 claims against state actors for violation of federal statutes); *Tatro v. Kervin*, 41 F.3d 9, 14 (1st Cir. 1994). Plaintiff grounds his due process claims, in part, on defendants' alleged failure to comply with Mass. Gen. Laws ch. 209A and Boston Police Department rules and procedures. However, "[i]t is well established that a state actor's failure to observe a duty imposed by state law, standing alone, is not sufficient to establish a § 1983 claim." *Fournier v. Reardon*, 160 F.3d 754, 757 (1st Cir. 1998).

### 3. Plaintiff's Damages Claims Are Barred by the Favorable Termination Rule

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that where a prisoner seeks damages for an allegedly unconstitutional conviction, there is no cause of action under Section 1983 because the success of the suit would effectively invalidate the prisoner's underlying conviction and sentence. *Heck*, 512 U.S. at 486-487; *see also Thore v. Howe*, 466 F.3d 173, 179 (1st Cir. 2006). The "*Heck* bar" advances the interests of "finality and consistency" by limiting "opportunities for collateral attack" on criminal convictions. *Heck*, 512 U.S. at 485.

In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a Section 1983 plaintiff must prove that the conviction or sentence has been reversed on

direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *Id.* at 486.

Here, a successful action would necessarily imply the invalidity of his criminal conviction, because plaintiff contends that defendants' negligent and unconstitutional actions resulted in his conviction. The complaint provides no information that plaintiff's conviction has been favorably challenged and overturned, or that an authorized tribunal or executive body overturned or otherwise invalidated the conviction. Consequently, plaintiff's claims are barred under *Heck*.

### D. Order to Show Cause or Amend Complaint

In light of the foregoing, plaintiff shall have 35 days in which to demonstrate good cause in writing why this action should not be dismissed, or, in the alternative, file an amended complaint that cures the pleading deficiencies noted above.

Failure to comply with these directives, or to provide a sufficient show-cause response or amended complaint, will result in dismissal of this action. No summonses shall issue pending further order of the Court.

## III. Conclusion

Based on the foregoing it is hereby ordered that:

1. Plaintiff's Motion to Proceed *in forma pauperis* is GRANTED.
2. Plaintiff's Motion for Appointment of Counsel (#3) is DENIED without prejudice.
3. Within 35 days of the date of this Memorandum and Order, plaintiff shall either show cause in writing why this action should not be dismissed or shall file an amended complaint that cures the pleading deficiencies.

4. No summonses shall issue pending further order of the Court.

**So Ordered.**

/s/ F. Dennis Saylor  
F. Dennis Saylor IV  
United States District Judge

Dated:  January 6, 2014